UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE HENRY SCHEIN, INC. DERIVATIVE
LITIGATION,

This Document Relates to: ALL ACTIONS                            JUDGMENT

                                                                 19-cv-06485-RLM

---------------------------------------------------------------X

  An Order of the Honorable Roanne L. Mann, United States Magistrate Judge, having been filed on December 4, 2020, granting the motion for settlement; and dismissing this action on the merits and with prejudice, without fees or costs to any party except as otherwise provided in the Settlement Agreement; it is

  ORDERED and ADJUDGED that the motion for settlement is granted; that this action is dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in the Settlement Agreement; and that the settlement is as follows:

  1. Incorporation of Settlement Agreement – This Order Approving Settlement (the "Order") incorporates and makes a part hereof the April 30, 2020 Stipulation of Settlement, a copy of which is attached to the Order. To the extent definitions for any defined terms do not appear in this Order, the Court adopts and incorporates the definitions in the Stipulation of Settlement.

  2. Jurisdiction – The Court has personal jurisdiction over all Securities Holders of Schein in connection with the claims that were, could have been or could be asserted in this Consolidated Derivative Action, and has subject matter jurisdiction over the Consolidated Derivative Action, including jurisdiction to approve the Settlement Agreement and dismiss the claims in this Consolidated Derivative Action with prejudice.

  3. Adequacy of Derivative Plaintiffs and Derivative Plaintiffs' Counsel – Pursuant to Federal Rule of Civil Procedure 23.1, Derivative Plaintiffs and Derivative Co-Lead Counsel have fully and

adequately represented the other Securities Holders and Schein's interests for purposes of entering into and implementing the Settlement Agreement and the proposed Settlement.

4. Proof of Notice – The Settling Parties filed with the Court adequate proof regarding distribution of the Notice materially consistent with directives in the Preliminary Approval Order.

5. Notice to Securities Holders – The Court finds that the Notice provided to Securities Holders regarding the Settlement Agreement was simply written and readily understandable and that the Notice and notice methodology (i) constituted the best practicable notice, (ii) were reasonably calculated, under the circumstances, to apprise Securities Holders of the pendency of this Consolidated Derivative Action, the claims asserted, the terms of the proposed Settlement, and Securities Holders' right to object to the proposed Settlement and to appear at the Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

6. Settlement Approval – The terms and provisions of this Settlement Agreement have been entered into in good faith and under the auspices of an experienced mediator, who has filed a submission in support of the proposed Settlement. The terms and provisions of the Settlement Agreement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Schein and its Securities Holders, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7. Implementation of the Settlement Agreement – The Settling Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

8. Binding Effect – The Stipulation of Settlement, a copy of which is attached to this Order, and

this Order shall be forever binding on the Releasors and Releasees as to all claims and issues that have been, could have been or could be raised in the Derivative Actions against the Releasees and as to all Released Securities Holders/Company Claims against Schein and the other Releasees. As to all such claims and issues, this Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Schein.

     9. Releases and Waivers – The Release set forth in Section VI of the Stipulation of Settlement and its relevant definitions are expressly incorporated herein in all respects and shall be deemed a part of this Order as if fully set forth herein. The Release shall be effective as of the Final Settlement Date. The Settling Parties agree and acknowledge that the Release provisions constitute essential terms of the Settlement Agreement. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Settlement Agreement or this Order.

     10. Permanent Injunction – Subject to the reservations set out in Section VI.A.5 of the Stipulation of Settlement, the Court hereby permanently bars and enjoins:

     a. Derivative Plaintiffs, all other Securities Holders, Schein (whether acting on its own behalf or by and through its shareholders, or any of them), and/or any of their respective heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, attorneys and assigns, and anyone else purporting to act on behalf of or derivatively for any of the above, from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Securities Holder/Company Claims; and

b. Derivative Defendants, and anyone else purporting to act on behalf or for the benefit of such persons or entities, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Derivative Defendants' Mutually Released Claims.

11. Complete Bar Order – Subject to the reservations set out in Section VI.A.5 of the Stipulation of Settlement, the Court hereby enters the following bar: a. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Securities Holder/Company Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to Schein, including any Claim in which a person or entity seeks to recover from any of the Releasees (i) any amounts that such person or entity has or might become liable to pay to Schein and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by Schein. All such Claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this paragraph 11.a are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution or otherwise on any Claim that is or arises from a Released Securities Holder/Company Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to Schein; provided however, that if Schein or any Securities Holder on behalf of Schein obtains any judgment against any such person or entity based upon, arising out of or relating to any Released Securities Holder/Company Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a credit of an amount that corresponds to the percentage of responsibility of the applicable Releasee(s) for the loss to Schein.

b. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state or foreign statutory or commonlaw rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Securities Holder/Company Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to Schein, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (i) any amounts any such Releasee has or might become liable to pay to Schein and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by or on behalf of Schein. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

c. Each and every Derivative Defendant is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other Derivative Defendant arising under any federal, state or foreign statutory or common-law rule, however styled, where the Claim is or arises from a Derivative Defendants' Mutually Released Claim. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

d. Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this paragraph 11.d, a "petitioner") commences against any of the Releasees any action either (i) asserting a Claim that is or arises from a Released Securities Holder/Company Claim or a Derivative Defendants' Mutually Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to Schein or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 11 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (a) such

petitioner, (b) any person or entity who is or was Controlled by, Controlling, or under common Control with the petitioner, whose assets or estate are or were Controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (c) any person or entity that participated with any of the preceding persons or entities described in items (a) and (b) of this paragraph 11.d in connection with the assertion of the Claim brought against the Releasee(s); provided however, that nothing in the Complete Bar Order or Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

e. If any term of this Complete Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of or relates to any Released Securities Holder/Company Claim or any Derivative Defendants' Mutually Released Claim, as applicable.

12. No Admissions – None of the Settlement Agreement, this Order, any of the provisions of the Settlement Agreement, the negotiation of the Settlement Agreement, the statements or court proceedings relating to the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, or any prior Orders in this Consolidated Derivative Action shall be (i) construed as, offered as, received as, used as or deemed to be evidence of any kind in this Consolidated Derivative Action or any other judicial, administrative, regulatory or other proceeding or action or (ii) construed as, offered as, received as, used as, or deemed to be evidence of an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, without limitation, Schein and the Derivative Defendants; provided however, that this Order and the Settlement Agreement may be used as evidence of the terms of the Settlement Agreement, including, without limitation, the Releases, or to enforce the provisions of this Order and the Court's Judgment or the

Settlement Agreement; provided further that this Order and the Settlement Agreement may be filed in any action against or by Schein or other Releasees to enforce the terms of this Order and the Settlement Agreement, including, without limitation, the Complete Bar and the Permanent Injunction, and/or to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

13. Enforcement of Settlement – Nothing in this Order shall preclude any action to enforce the terms of the Settlement Agreement.

14. Payment to Derivative Plaintiffs' Counsel – In consideration of the substantial benefits conferred upon and expected to be conferred upon Schein and its shareholders, Schein shall pay or cause to be paid to Derivative Co-Lead Counsel an Attorneys' Fees and Expenses Award in the amount of one million eight hundred fifty thousand dollars ($1,850,000). Such payment shall be made pursuant to the terms and conditions set out in Section VII of the Stipulation of Settlement.

15. Payment to Derivative Plaintiffs – In consideration of the substantial benefits conferred upon and expected to be conferred upon Schein and its shareholders, Derivative Plaintiffs shall be paid five thousand dollars ($5,000) each. Such payments shall be funded from the Attorneys' Fees and Expenses Award.

16. Modification of Settlement Agreement – The Settling Parties are hereby authorized, without further notice to or approval by the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Stipulation of Settlement) that are not materially inconsistent with this Approval Order or the Judgment and do not limit the rights of Derivative Plaintiffs, any other Securities Holders, Schein, Derivative Defendants or any other Releasees or Releasors under the Settlement Agreement.

17. Findings of Good Faith – The Court finds that the Derivative Complaints were filed as to all defendants (including Schein as a nominal defendant) on a good-faith basis and in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all parties to this Consolidated Derivative Action and their counsel have acted in good faith and have complied with each requirement of Rule 11 with respect to all proceedings herein.

18. Without in any way affecting the finality of the Judgment or this Order, and subject to the dispute-resolution provisions found in Sections V.C and XII.B.2 of the Stipulation of Settlement, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, the Settling Parties, all Securities Holders and all Releasees to adjudicate all issues relating to this Settlement Agreement, including, without limitation, any issues relating to this Order; provided however, that nothing in this paragraph 18 shall restrict the ability of the Settling Parties to exercise their rights under paragraph 16 of this Order. Any action arising under or to enforce the Settlement Agreement, this Order or the Judgment shall be commenced and maintained only in this Court.

19. Dismissal of Consolidated Derivative Action – The claims asserted against the Releasees in this Consolidated Derivative Action and any and all other actions consolidated into the Consolidated Derivative Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Order and in the Settlement Agreement.

Dated: Brooklyn, New York  
      December 7, 2020

Douglas C. Palmer  
Clerk of Court

By:   /s/Jalitza Poveda  
       Deputy Clerk